**Stanley TERWILLIGER, Plaintiff,**

v.

**Shirley CHATER, Commissioner, Social Security Administration, Defendant.**

**Civil Action No. 95–7298.**

United States District Court, E.D. Pennsylvania.

Nov. 22, 1996.

---

838

Meyer Silver, Silver & Silver, Ardmore, PA, for Plaintiff.

Charlotte J. Hardnett, U.S. Dept. of Health and Human Services, Office of Gen. Counsel, Region III, Philadelphia, PA, James A. Winn, U.S. Attorney's Office, Philadelphia, PA, for Defendant.

MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Claimant Stanley Terwilliger contends that, as the result of a lower back injury, he is unable to work and is, therefore, entitled to disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Social Security Act" or "the Act"), 42 U.S.C. §§ 401–433. The Commissioner of the Social Security Administration ("the Commissioner") denied Mr. Terwilliger's application for benefits at the initial and reconsideration stages. Mr. Terwilliger then requested and was granted a hearing in front of an administrative law judge (ALJ). After a hearing at which Mr. Terwilliger, his wife Karen Terwilliger and a Vocational Expert (VE) testified and various exhibits were submitted, the ALJ found that Mr. Terwilliger was not entitled to benefits.

Citing inadequately supported findings of fact and various errors of law allegedly contained in the ALJ's decision, Mr. Terwilliger requested that the Appeals Council review the ALJ's ruling. That request was denied, thus rendering the ALJ's decision the final decision of the Commissioner. *See Jesurum v. Secretary of the United States Dep't of Health & Human Servs.*, 48 F.3d 114, 116 (3d Cir.1995). Mr. Terwilliger next sought review of the Commissioner's final decision in this Court pursuant to 42 U.S.C. § 405(g).[1] In accordance with the general practice followed in this district, the parties filed cross motions for summary judgment. The Court then referred the matter to a Magistrate Judge for a Report and Recommendation. *See* Local Rules of the U.S.D.Ct. for the E.D.Pa. 72.1(I)(d)(1)(J); *see also* 28 U.S.C. § 636(b)(1)(B).

The Magistrate Judge found that the ALJ had incorrectly applied the legal standards

---

1. Section 405(g) provides as follows:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner of Social Security or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Commissioner of Social Security, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.

42 U.S.C. § 405(g).

and that the ALJ's decision to deny benefits was not supported by substantial evidence. The Magistrate Judge recommended that the decision of the Commissioner be reversed and that the matter be remanded for a calculation and award of benefits.

The Commissioner filed three objections to the Magistrate Judge's Report and Recommendation claiming that the Magistrate Judge (1) "incorrectly applied Social Security Ruling (SSR) 83–12 for the proposition that '[t]o find that the plaintiff can perform sedentary work, the A.L.J. must find that the plaintiff can sit for *most* of the day with an occasional interruption of short duration. Such is not the case where he can sit for only ½ hour at a time,'" (*see* Def.'s Objections, doc. no. 13 at 1–4 (emphasis in original) (footnote omitted)); (2) "gave undue weight to the plaintiff's award of workers' compensation," (*see Id.* at 5–6); and (3) improperly "substituted his judgment for that of the A.L.J.," (*see Id.* at 6–7). It is these objections which are currently before the Court. For the reasons stated herein, the Court will not adopt the Report and Recommendation and will remand the case to the Commissioner for further proceedings consistent with this Memorandum.

## I.

Claimant Stanley Terwilliger was born on August 30, 1956. (*See* doc. no. 7, R. at 46) After graduating from high school in 1974, claimant received no further formal education. (*Id.* at 47) From 1975 until 1990, claimant worked in a series of jobs, each of which routinely required him to lift between fifty (50) and one hundred (100) pounds and occasionally required him to lift more than one hundred (100) pounds. (*Id.* at 49–52) While at these jobs, claimant frequently was required to stand, sit and drive for hours at a time. (*Id.*)

Claimant alleges disability as of January 10, 1990, when, while lifting a keg of beer in a cramped area, he felt something pull in his back and immediately experienced pain radi-

ating into his buttocks.[2] (*Id.* at 182) Claimant's doctors have diagnosed him as suffering from, among other things, a herniated disc in his lower back. (*Id.* at 269, 279) Claimant received worker's compensation in the amount of $614.00 every two (2) weeks from January 20, 1990, until June 1993, when he settled his workers' compensation claim for a lump-sum amount of $75,000. (*Id.* at 53–54) Claimant filed an application for DIB on October 19, 1992, claiming that he was unable to work due to his disabling injury. (*Id.* at 52)

## II.

When reviewing a decision of the Commissioner to deny disability benefits, the district court's role is limited to determining whether the Commissioner properly applied the appropriate legal standards, *see Podedworny v. Harris,* 745 F.2d 210, 221 n. 8 (3d Cir.1984) ("Our scope of review on matters of law is plenary"), and whether the Commissioner's findings of fact are supported by "substantial evidence." *Jesurum,* 48 F.3d at 117 (citing *Brown v. Bowen,* 845 F.2d 1211, 1213 (3d Cir.1988); *see* 42 U.S.C. § 405(g). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Jesurum,* 48 F.3d at 117 (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). "It is less than a preponderance of the evidence but more than a mere scintilla." *Id.* (citing *Richardson,* 402 U.S. at 401, 91 S.Ct. at 1427).

The search for substantial evidence "is *not* merely a quantitative exercise." *Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir.1983) (emphasis in original). Rather, "[t]he administrative decision 'should be accompanied by a clear and satisfactory [explication] of the basis on which it rests.'" *Phillips v. Chater,* 1996 WL 457183 at *4 (D.N.J. June 27, 1996) (quoting *Cotter v. Harris,* 642 F.2d 700, 704 (3d Cir.), *reh'g denied,* 650 F.2d 481 (3d Cir.1981). "A single piece of evidence will

---

**2.** At the hearing before the ALJ, claimant described his condition as follows:

> Sometimes it throbs, but a lot of times it feels like somebody's got something sharp in there.

> And a lot of times I get, from that I get a pain in my left buttocks that radiates down my left leg, like a numbing feeling in my left leg. (See doc. no. 7, R. at 58).

not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." *Kent,* 710 F.2d at 114. *"[A]ll* evidence" should be *"explicitly* weigh[ed]." *Cotter,* 642 F.2d at 706 n. 8. (emphasis in original) (citation omitted). As the Third Circuit has stated,

> we need from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored. As we stated in *Dobrowolsky v. Califano,* 606 F.2d 403 (3d Cir. 1979),
>
>> unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Id.* at 407, quoting *Gober v. Matthews,* 574 F.2d [772, 776 (3d Cir.1978) ].

*Id.* at 705 (footnote omitted).

The Court's review of the Magistrate Judge's ruling is de novo. *See* 28 U.S.C. § 636(b). Therefore, the Court "may accept, reject, or modify, in whole or in part," the Magistrate Judge's findings and recommendations. *Id.* In considering the Commissioner's objections to the Magistrate Judge's ruling, the Court has independently reviewed the entire record, including the Report and Recommendation itself, the ALJ's written decision, the transcript of the hearing, the hearing exhibits and relevant correspondence.

### III.

### A.

■ To receive disability benefits, claimants must demonstrate that they suffer from a "disability" as defined by the Social Security Act. *Jesurum,* 48 F.3d at 117. Pursuant to the Social Security Act, "disability" is defined as

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.... [The impairment must be so severe that the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(1)(A) & (d)(2)(A).

■ The Commissioner has established a five-step inquiry for determining if a person is eligible for disability benefits under the Act. *Jesurum,* 48 F.3d at 117. To prevail, the claimant must establish "(1) that [he] is not engaged in 'substantial gainful activity' and (2) that [he] suffers from a severe medical impairment." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 140–41, 107 S.Ct. 2287, 2290–91, 96 L.Ed.2d 119 (1987)). If the claimant establishes elements (1) and (2), the Commissioner must determine "(3) whether the impairment is equivalent to an impairment listed by the [Commissioner] as creating a presumption of disability." *Id.* (citing *Bowen,* 482 U.S. at 141, 107 S.Ct. at 2291.) If it is not, the claimant bears the burden to show "(4) that the impairment prevents [him] from performing the work that [he] has performed in the past." *Id.* (citing *Bowen,* 482 U.S. at 141, 107 S.Ct. at 2291.) If the claimant satisfies this burden, unless the Commissioner can demonstrate "(5) that there are jobs in the national economy that the claimant can perform," the Commissioner must grant the claimant benefits. *Id.* (citing *Ferguson v. Schweiker,* 765 F.2d 31, 37 (3d Cir.1985)).

In the present case, the decision to deny benefits turned on the fifth step of the inquiry, i.e., whether or not claimant is capable of performing substantial gainful work which exists in the national economy. (*See* doc. no. 7, R. at 25–26) The ALJ found claimant's "subjective complaints, insofar as such complaints allege a total inability to perform all forms of substantial gainful activity," to be "less than wholly credible." (*Id.* at 34) The

ALJ determined that "[t]he claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for lifting in excess of ten pounds maximum occasionally or engaging in prolonged sitting or standing." (*Id.* (citing 20 C.F.R. § 404.1545)) Relying on the hearing testimony of the VE, the ALJ further determined that, in order to work, claimant requires a "sedentary work" position with a "sit/stand option," and that there are a "significant number of [such] jobs in the national economy" which claimant can perform.[3] (*Id.*) The ALJ concluded, therefore, that claimant is "not under a 'disability'" and not entitled to a period of disability or disability insurance benefits. (*Id.* at 35 (citing 20 C.F.R. § 404.1520(f))

### B.

Upon review of the ALJ's decision, the Magistrate Judge concluded that the ALJ had incorrectly applied the appropriate legal standards and that the ALJ's findings were not supported by substantial evidence. The Magistrate Judge found that the ALJ had "not given proper weight to such considerations as the medical opinion of the [claimant's] treating physician, the [claimant's] subjective complaints of pain, and the determination of disability of the Department of Labor." (*See* Report and Recommendation, doc. no. 11 at 12) Determining that "[a] careful review of the entire record compels the conclusion that the [claimant] is disabled," the Magistrate Judge recommended that the decision of the Commissioner be reversed and that disability benefits be awarded. (*Id.*)

### C.

The Court agrees with the Magistrate Judge that the ALJ failed to adequately present the reasoning underlying his conclusion that claimant is not disabled.[4] As the record now stands, therefore, the Court can not conclude that the Commissioner's decision is supported by substantial evidence.

The Court disagrees, however, that the Magistrate Judge was empowered, based on his own analysis, to conclude that claimant is, in fact, disabled.

First, while the ALJ lists the medical evidence associated with claimant's injury, the ALJ does not "sufficiently explain[ ] the weight he [gave] to obviously probative exhibits." *See Cotter,* 642 F.2d at 705 (citation omitted). For example, although the ALJ recognizes that claimant's treating physicians, Dr. Armaine, a chiropractor, and Dr. Cohen, a neurosurgeon "have characterized the claimant as 'unable to work' or 'unemployable' or 'unable to engage in substantial gainful activity'" and acknowledges that "[t]he opinion of a treating source is entitled to substantial weight," he never discusses the weight he actually gave to the evidence provided by these "treating sources" in reaching his decision. (*See* doc. no. 7, R. at 31)

"An ALJ may not reject a physician's findings unless he first weighs them against other relevant evidence and explains why certain evidence has been accepted and why other evidence has been rejected." *Mason v. Shalala,* 994 F.2d 1058, 1067 (3d Cir. 1993) (internal quotation marks, citations and indication of alteration omitted). Where the findings are those of a treating physician, the Third Circuit has "long accepted" the proposition that those findings "must [be] give[n] greater weight . . . than . . . the findings of a physician who has examined the claimant only once or not at all." *Id.* (citations omitted) An ALJ may reject a treating physician's opinion on the basis of contradictory medical evidence, *see Frankenfield v. Bowen,* 861 F.2d 405, 408 (3d Cir.1988), and may afford a medical opinion more or less weight depending upon the extent to which supporting explanations are provided, *see Mason,* 994 F.2d at 1065 ("[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best"), and whether the reporting doctor is a specialist, *see Id.* at 1067. An ALJ may not,

---

3. Relying on the hearing testimony of the VE, the ALJ found that examples of jobs claimant can perform include cashier, hand packager/assembler and alarm and security monitor. (*See* doc. no. 7, R. at 34)

4. The ALJ's eleven (11) page written decision on this matter is contained in the Record at pages 25–35.

however, reject medical determinations by substituting his own medical judgments. *See Frankenfield,* 861 F.2d at 408.

In the present case, while the ALJ may have engaged in the appropriate legal analysis, such analysis is not apparent in his decision. Although the ALJ indicated that he doubted the veracity of claimant's self-professed inability to work, the ALJ failed to offer any explanation for his conclusion that "there is nothing in the opinion of treating physicians, consulting physicians or workers' compensation physicians to preclude Mr. Terwilliger from performing sedentary work activity as defined at 20 CFR 404.1567(a) with a sit/stand option." (*See* doc. no. 7, R. at 31–32) Absent such an explanation, the Court can not carry out its "duty ... to determine whether the conclusions [the ALJ] reached are rational." *See Cotter,* 642 F.2d at 705.

■ Second, the ALJ's decision does not adequately address his rejection of claimant's assertions that, due to his pain, he can not work. "An ALJ must give serious consideration to a claimant's subjective complaints of pain, even where those complaints are not supported by objective evidence.... Where medical evidence does support a claimant's complaints of pain, the complaints should then be given 'great weight' and may not be disregarded unless there exists contrary medical evidence." *Mason,* 994 F.2d at 1067–68 (citations omitted).

At the hearing before the ALJ, claimant testified as to the pain caused him by his injuries and the ensuing limitations placed thereby on his ability to work. (*See* doc. no. 7, R. at 57–58, 71–72) The ALJ explicitly found that "[t]he record, as presented in treating physician reports, consulting physician reports, and reports of physicians who examined the claimant for workers' compensation purposes is, indeed, consistent regarding the nature of the pain of which Mr. Terwilliger complains." (*Id.* at 29) The ALJ also found, however, claimant's "subjective complaints, insofar as such complaints allege a total inability to perform all forms of substantial gainful activity ... to be less than wholly credible."[5] (*Id.* at 34) The ALJ apparently reached this conclusion because of claimant's stipulation at the time of his $75,000 workers' compensation commutation award on May 19, 1993, that he agreed to the commutation "in order to make certain financial investments and engage in part-time work activity." (*Id.* at 31)

■ As stated above, the ALJ concluded that the medical evidence in the case was consistent with claimant's assertions of pain. Claimant's assertions of pain were, therefore, entitled to "great weight." *See Mason,* 994 F.2d at 1067–68. Nevertheless, as is evidenced by the adverse decision, the ALJ did not fully credit claimant's subjective complaints.[6] Under these circumstances, the ALJ was required to point to some "contrary medical evidence" discrediting claimant's assertions. *See Id.* This the ALJ failed to do.[7] In the absence of some indication of the medical evidence relied upon by the ALJ to support his conclusion that plaintiff's averred inability to work was not credible, the Court can not determine whether or not the ALJ's decision was supported by substantial evidence.[8]

### D.

■ The Magistrate Judge found the record lacking substantial evidence to support

---

5. The ALJ never indicates what portion of claimant's testimony concerning his feelings of pain and physical limitations he did not find credible.

6. The ALJ notes that according to the VE, if all of the claimant's testimony were to be fully credited, it would have to be found that plaintiff could not perform any work. (*See* doc. no. 7, R. at 32–33)

7. The ALJ lists various medical treatments sought and declined by claimant, *see* doc. no. 7, R. at 29–30, but never states if they impacted his decision in any way, and if so, to what extent.

8. The ALJ states, "I have carefully considered claimant's subjective complaints in accord with the following specified criteria of SSR 88–13 and 20 CFR 404.1529(c)," *see* doc. no. 7, R. at 29, but his decision gives no insight into how he engaged in this analysis. Again, although the ALJ lists relevant evidence in the case and does indicate that some evidence has been accepted and that other evidence has been rejected, his decision does not adequately demonstrate that he reached his conclusions by applying the appropriate legal standards.

the ALJ's conclusion that claimant is not disabled. The Magistrate Judge then undertook an analysis of the evidence presented to the ALJ, finding that, indeed, claimant is disabled. The Court concludes that by engaging in, what was in essence, his own factfinding, the Magistrate Judge exceeded the role allocated to the courts by Congress in the review of administrative decisions regarding Social Security disability claims.

Under the statutory scheme, the factfinding role in Social Security disability benefit cases is assigned to the ALJ. *See Cotter*, 642 F.2d at 704–05; *see generally* Kenneth C. Davis & Richard J. Pierce, Jr., 2 *Administrative Law Treatise* §§ 11.1–11.3 (3d ed. 1994 & Supp.1995). The charge to the reviewing court is to insure that the ALJ's decision is supported by substantial evidence. *See supra* section II. If the ALJ's decision is not "accompanied by a clear and satisfactory explication of the basis on which it rests," however, the reviewing court cannot perform its function. *See Cotter*, 642 F.2d at 704. An adequate factual predicate is, of course, a necessary prerequisite to meaningful judicial review. *See Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir.1981) ("When the Court articulates the prerequisites for review, it can subsequently expect the ALJs to furnish explanations adequate for the court to exercise its review function").

Because in the present case, as the Court determined, the ALJ failed to adequately set forth "a clear and satisfactory explication of the basis" for his decision in accordance with the appropriate legal standards, the Magistrate Judge should have remanded the case to the Commissioner for further consideration. Instead, the Magistrate Judge undertook his own analysis of the case, picking and choosing between conflicting evidence and crediting certain witnesses' testimony over that of others.[9] In doing so, the Magistrate Judge improperly

transformed the role of the reviewing court into that of a factfinder. *See Cotter*, 642 F.2d at 704–05; *see also supra* section II. Therefore, the Report and Recommendation of the Magistrate Judge will not be adopted.

## IV. CONCLUSION

When reviewing a decision by the Commissioner to deny disability benefits, it is not the Court's function to substitute its judgment for that of the Commissioner. The Commissioner's decision in the present case may ultimately turn out to be correct and nothing in this Memorandum is to be taken to suggest that the Court has presently concluded otherwise. However, in the absence of sufficient indication that the Commissioner considered all of the evidence in the case and applied the correct legal standards, the Court can not satisfy its obligation to determine whether or not the Commissioner's decision was supported by substantial evidence. Accordingly, this case will be remanded to the Commissioner to further develop the record in accordance with this Memorandum.

---

9. For example, the Magistrate Judge found that the ALJ "ignored the medical opinion of Dr. Cohen" and "disregarded, ignored, or mischaracterized" claimant's testimony. (*See* Report and Recommendation, doc. no. 11 at 7–8) Additionally, the Magistrate Judge rejected the ALJ's finding that claimant's prior stipulation that he wished to engage in part-time work damaged claimant's credibility. (*Id.* at 11) Instead, the Magistrate Judge supplied his own rationalization for why, if claimant was in fact disabled, he would have so stipulated. (*Id.* at 11). In reaching these conclusions, the Magistrate Judge improperly substituted his judgment for that of the ALJ.