

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-2003

# Eyler v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1816

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Eyler v. Comm Social Security" (2003). *2003 Decisions.* Paper 110.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/110

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1816
_____

JEFFREY A. EYLER,

Appellant

v.

*JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

*(Pursuant to Rule 43(c), F.R.A.P.)

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 01-cv-00411)
District Judge: The Honorable Yvette Kane

_____

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2003

BEFORE: SCIRICA, Chief Judge, NYGAARD, and AMBRO, Circuit Judges.

(Filed : November 13, 2003)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant Jeffrey A. Eyler appeals from an order entered in the District Court affirming the decision of the Commissioner of Social Security denying Eyler's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The District Court exercised jurisdiction pursuant to 42 U.S.C. § 405(g) and we have jurisdiction on appeal pursuant to 28 U.S.C. § 1291. We will affirm the order of the District Court.

I.

Because we write solely for the benefit of the parties, we recount the facts and the procedural background of this case only as they are relevant to the following discussion. In 1997, Eyler applied for disability insurance benefits on the basis that he had been unable to work since November 15, 1996 due to physical problems involving his back, high blood pressure, diabetes, pancreatitis, a seizure disorder and deafness in his right ear. After reviewing the medical evidence, physicians acting on behalf of the Commissioner concluded that Eyler had the capacity to work. Eyler's application for benefits was initially denied and was again denied on reconsideration.

2

An Administrative Law Judge thereafter conducted a hearing on Eyler's application at which she heard testimony from Eyler, his wife, a medical expert and a vocational expert. The ALJ subsequently concluded that Eyler's condition did not meet the standard for disability.

After exhausting his administrative remedies, Eyler filed an action against the Commissioner in the District Court for the Middle District of Pennsylvania. The case was referred to an United States Magistrate Judge who recommended that the Commissioner's decision be affirmed. The District Court adopted the Magistrate Judge's Report and Recommendation, overruling Eyler's objections. Eyler timely appealed.

## II.

We have previously set forth our standard of review in cases involving an appeal from the denial of disability benefits. We have instructed:

> The role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision. The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record. Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate."

*Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)) (certain citations omitted). In making this determination, "we are not permitted to weigh the evidence or substitute our own conclusions for that of the

3

fact-finder." *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) (citing *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1982)).

In order to qualify for disability benefits, a person must be disabled as that term is defined by the Social Security Act and accompanying regulations. *Burns*, 312 F.3d at 118. Disability is defined under the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2002).

The ALJ, in evaluating Eyler's application for benefits, applied the familiar five-step analysis, determining that, at steps one through three, Eyler was not currently employed, and that his back disorder, hypertension, diabetes, and pancreatitis were severe impairments, but that they did not meet or equal any of the impairments listed in Appendix 1, Subpart P of Part 404 ("Listing of Impairments"). 20 C.F.R. § § 416.920(d), 404.1520(d). The ALJ moved on to step four and determined that, while Eyler did not retain the residual functional capacity to perform his past work, Eyler did retain the residual functional capacity to perform the requirements of sedentary work. Finally, at step five, the ALJ consulted a vocational expert. The ALJ asked the vocational expert a hypothetical question which took into account all of Eyler's impairments that were supported by objective medical evidence. The vocational expert testified that a person with impairments such as Eyler's retained the ability to engage in a significant

4

number of simple sedentary and light jobs on a nationwide level. The ALJ concluded that Eyler was not disabled and denied benefits.

III.

Eyler's primary argument on appeal is that the ALJ erred in not giving controlling evidentiary weight to the testimony and opinion of her treating physician. Eyler argues that the ALJ's decision not to credit his treating physician's opinions was not based on objective, competent medical evidence. A treating physician's findings and opinions are, generally, given great weight. *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988) (citing *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979)). However, "the medical judgment of the treating physician can be rejected on the basis of contradictory evidence." *Id.* If substantial evidence in the record supports a conclusion that is contrary to that expressed by the treating physician, the ALJ may reject the treating physician's findings. *Id.*

Here, the ALJ properly evaluated the medical opinions in the record. In fact, the opinions Eyler relies on, as has been argued by the Commissioner, are opinions that are not germane to the nature and/or severity of his impairments. Instead, he calls our attention to the report and opinion of Dr. Sicilia and Dr. Eder. Dr. Sicilia's opinion was that Eyler was "disabled" and Dr. Eder noted his belief that Eyler was unable to work

5

in a "meaningful way." (App. 444 and 454)[1]  The District Court noted, "a treating physician's opinion with respect to whether or not a plaintiff is disabled from employment is not entitled to any special deference.  The responsibility of determining whether the plaintiff is disabled for purposes of receiving DIB lies with the ALJ." (App. 4).  We agree.  Neither Dr. Sicilia's nor Dr. Eder's opinions concern any medical diagnosis.  Instead, these opinions, in reality, reflect a legal conclusion neither physician was competent to make.  We agree with the District Court that the ALJ's decision was supported by substantial evidence in the record.

Eyler's second argument on appeal is that the District Court improperly relied on the opinion of the vocational expert because that opinion did not take into consideration the effects Eyler's medication would have on his ability to work.  This argument is without merit.  As the District Court found, the hypothetical that the ALJ presented to the vocational expert required that the vocational expert assume a hypothetical individual who is "[a]ffect[ed] by . . . medication." (App. 5).  Further, that hypothetical individual was affected by limitations that included the effects of Eyler's medication, *e.g.* fatigue, an inability to stand for long periods of time, occasional concentration problems.  We agree with the District Court that this hypothetical "'fairly set[s] forth every credible limitation established by the physical evidence.'"(App. 4) (quoting *Plummer*, 186 F.3d at 431).

---

1.      Citations to the appendix refer to the appendix filed by the Appellant.

6

Finally, Eyler argues that the ALJ failed to take account of his subjective symptoms, including pain, in determining that he could still perform the full range of light work. The ALJ determined that Eyler had a discernible medical condition that could cause his pain, but that his statements concerning his pain and its impact on his ability to work were not entirely credible in light of the entire record.

Allegations of pain and other subjective symptoms must be supported by objective medical evidence. *See* 20 C.F.R. § 404.1529. Once an ALJ concludes that a medical impairment that could reasonably cause the alleged symptoms exists, he or she must evaluate the intensity and persistence of the pain or symptom, and the extent to which it affects the individual's ability to work. This obviously requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it. *See* 20 C.F.R. § 404.1529(c).

Here, the ALJ concluded that Eyler had a discernible medical condition that could reasonably cause the pain of which he complained. However, although the ALJ determined that his testimony was "generally credible," the ALJ thought that Eyler's testimony about the extent of his pain was exaggerated. (App. 26) The ALJ noted that the record also contained testimony of one physician's concern that Eyler was engaging in "drug seeking behavior." (App. 18) The ALJ determined that Eyler could perform light duty work despite his complaints of incapacitating pain. That ruling is clearly supported by substantial evidence in this record. The ALJ cited specific instances where Eyler's complaints about pain and other subjective symptoms were inconsistent with: 1) the objective medical evidence of record; 2) Eyler's testimony as to his rehabilitation and medication regimen; and 3) Eyler's own description of his daily activities.

7

IV.

In conclusion, we are satisfied that the ALJ undertook a comprehensive examination of the evidentiary record and that substantial evidence in the record supports both her and the Commissioner's decision.

For the foregoing reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

 Please file the foregoing opinion.


                                        /s/ Richard L. Nygaard
                                       Circuit Judge