

Opinions of the United
States Court of Appeals
for the Third Circuit

2004 Decisions

9-2-2004

# Page v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4122

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Page v. Comm Social Security" (2004). *2004 Decisions.* Paper 342.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/342

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-4122

_____

HASKELL PAGE, JR.

Appellant

v.

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 02-cv-00108)
District Judge: The Honorable Joy F. Conti

_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2004

BEFORE: NYGAARD, McKEE, and WEIS, Circuit Judges.

(Filed: September 2, 2004)

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant Haskell E. Page, Jr. appeals from the District Court's order affirming the decision of the Commissioner of Social Security, which denied Page's application for disability insurance benefits and supplemental security income under Title II and Title XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1382(f). The District Court exercised jurisdiction pursuant to 42 U.S.C. § 405(g) and we have jurisdiction on appeal pursuant to 28 U.S.C. § 1291. We will affirm the order of the District Court.

## I.

Because we write solely for the benefit of the parties, we recount the facts and the procedural background only as they are relevant to our decision. Appellant Page applied for disability benefits and the agency granted his request for a hearing. The ALJ denied the claim and Page appealed to the District Court. That court affirmed the ALJ's findings and granted the Commissioner's motion for summary judgment. Page now appeals.

## II.

While we review the District Court's order *de novo*, we will only reverse a grant of summary judgment in favor of the Commissioner if we conclude that the ALJ's

findings were not supported by "substantial evidence." *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984); 42 U.S.C. § 405(g). "Substantial evidence" is relevant evidence "a reasonable mind might accept as adequate." *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)).

In order to qualify for disability benefits, a person must be disabled as that term is defined by the Social Security Act and accompanying regulations. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). The Act defines disability as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which... can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2002).

In this case, the ALJ followed the Social Security Act's five-step analysis to determine that Page suffers from "severe impairments," including lung disease, degenerative joint disease, and the loss of one eye. However, the ALJ found that these impairments nonetheless permit Page to take on jobs which involve "light work" and which exist throughout the country. As a result, the ALJ found that Page is not entitled to receive disability benefits.

III.

Page argues that the ALJ made several critical errors. First, Page contends that the ALJ should have given more credence to Dr. Larren Wade's opinion. Second, Page insists that the ALJ erred by finding Page not fully credible. Third, Page asserts that

3

the ALJ should have found that Page's alleged migraine headaches constituted a severe impairment. Finally, Page argues that the ALJ should have included migraine headaches in the hypothetical he posed to the vocational expert. We will address each argument in turn.

A.

Page argues that the ALJ should have adopted Dr. Wade's assessment that "severe osteoarthritis" in Page's left knee and hand makes "ambulation and consistent gainful employment all but impossible." Admin. Rec. at 321. However, as the ALJ noted, it is the Social Security Commissioner, not the treating physician, who determines whether a claimant can engage in any work activity. 20 C.F.R. § 404.1527(e)(1). Dr. Wade's opinion is therefore not entitled to controlling weight. In fact, we conclude that substantial evidence supports the ALJ's finding that Dr. Wade's opinion was entitled to no weight at all.

An ALJ may properly reject a treating physician's opinion "on the basis of contradictory evidence." *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988) (citing *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979)). Much of the record directly contradicts Dr. Wade's opinion. For instance, several independent medical evaluations indicated Page retained normal range of motion in his knees. Admin. Rec. at 175, 240, 244, 305, 323, 328. Dr. Swain examined Page shortly after Dr. Wade and made no

4

mention of "severe osteoarthritis" or migraine headaches. Dr. Niaz also found Page to be "comfortable" with "full range of movement" in his arthritic knee.

Finally, the ALJ appropriately rejected Dr. Wade's diagnosis. *See Plummer v. Apfel*, 186 F.3d 422, 430 (3d Cir. 1999) (citing *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991)). Dr. Wade first reported that Page demonstrated bilateral knee crepitation and mild joint tenderness. Admin. Rec. at 333. A second report, apparently based on the same examination, describes Page's knee discomfort as "severe osteoarthritis" associated with "continuous repetitive musculoskeletal challenges." Admin. Rec. at 321. Meanwhile, Dr. Wade made no mention of headaches in his initial report, but explained in the second report that Page suffered from a history of chronic migraine headaches. These internal inconsistencies and the contradictory evidence in the record sufficiently support the ALJ's decision to reject Dr. Wade's diagnosis and opinion.

B.

Page argues the ALJ should have paid greater deference to his subjective allegations of disability because of his long working career. Instead, the ALJ found that Page's assertions of total disability were contradicted by the objective medical evidence and Page's overall testimony. Substantial evidence supports the ALJ's findings. For instance, Page insists that severe osteoarthritis and shortness of breath prevent him from working. However, the record shows Page has a normal range of motion in his knees and ankles, normal reflexes and no neurologic deficit. Medical examiners further indicated

5

that although Page has some prolonged expiratory effort and some wheezing, he has clear lungs and a regular heartbeat. Further conflict between Page's complaints and his own testimony is discussed below.

## C.

Page contends that the ALJ erred by finding that Page's reported migraines were not a "severe impairment." A "severe impairment" is a condition that the claimant shows significantly limits her mental or physical ability to engage in basic work activities. 20 C.F.R. § 416.920(c). "Basic work activities" include mental functions such as "understanding, carrying out of, and remembering simple instructions." 20 C.F.R. § 404.1521(b)(3).

Page testified that he has suffered from debilitating migraine headaches since his left eye was removed in 1990. Page testified the migraines keep him from "really doing much of anything." Admin. Rec. at 390. Yet, Page continued to work for eight years after his eye was removed, and first brought his headaches to a physician's attention in 2001. Page also testified that his prescription medication alleviates the pain caused by his migraines: "Well, as long as I still have my Imitrex I'll get one and it'll go away within a half hour, 45 minutes. And it'll stay away for a day or two." Id. at 391.

An impairment is not severe if medical evidence establishes that the condition has no more than a minimal impact on the individual's ability to engage in basic work activities. *See* 20 C.F.R. § 416.920(c). Here, Page has produced no medical

6

evidence indicating that his migraine headaches have more than a minimal impact on his ability to comprehend or carry out simple instructions. Substantial evidence thus supports the ALJ's finding that Page's alleged migraine headaches are not a "severe impairment."

## D.

Page relies on this Court's decision in *Burns*, 312 F.3d 113, to argue that the ALJ should have posed a hypothetical question to the vocational expert that accounted for his migraine headaches. "A hypothetical must reflect all of a claimant's impairments *that are supported by the record*; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987) (emphasis added). Since Page's complaints of disabling migraines are not supported by the record, as discussed in the previous sections, we conclude the ALJ's questioning of the vocational expert was proper. *See Burns*, 312 F.3d at 123 (finding that the question posed to the vocational expert must include impairments supported by "medically undisputed evidence" in the record).

## IV.

For the reasons stated above, we conclude that the record contains substantial evidence supporting the ALJ's findings. Accordingly, we will affirm the order of the District Court.