

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2005

# Lyons-Timmons v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4438

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lyons-Timmons v. Comm Social Security" (2005). *2005 Decisions*. Paper 528.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/528

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  04-4438

HOPE LYONS-TIMMONS,

Appellant

v.

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. No. 03-cv-06856
District Judge: The Honorable John P. Fullam

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2005

Before: SLOVITER, BARRY, and SMITH, *Circuit Judges*

(Filed September 19, 2005)

_____

OPINION OF THE COURT

_____

SMITH, *Circuit Judge*.

Hope Lyons-Timmons appeals from the District Court's order affirming the

decision of the Commissioner of Social Security denying her application for disability

benefits under Title II of the Social Security Act.[1] Our review "is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

Lyons-Timmons taught high school science in the Philadelphia School District for years. She stopped teaching in 1999 when she was dealing with her mother's declining health. In July of that year, while trying to fix the fan belt of her car, Lyons-Timmons lost the tips of the middle fingers of her right hand. Surgical treatment was successful and there were no complications. Thereafter, Lyons-Timmons complained of some stiffness and soreness.

Subsequently, in September 2001, Lyon-Timmons applied for disability benefits citing not only the limitations imposed by the loss of her fingertips, but also anxiety and stress. Although her treating psychologists Dr. Bell and Dr. Kaiser provided medical opinions that she had psychological limitations, the ALJ discounted those opinions in favor of the testimony of Dr. Cohen, an independent medical expert who reviewed her records and testified at the hearing that Lyons-Timmons did not have a severe mental impairment.

---

[1]The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331, and 42 U.S.C. § 405(g). Appellate jurisdiction exists under 28 U.S.C. § 1291.

The ALJ discussed Dr. Cohen's testimony in detail and she fully credited his opinion, citing several reasons: (1) his status as a board-certified psychiatrist; (2) his extensive experience; (3) his review of all the medical evidence of record; (4) his presence during Lyons-Timmons' testimony; (5) his own familiarity with the Social Security regulations and the criteria for determining disability and one's residual functional capacity; (6) his opinion was "well-explained, well-grounded in the treating and examining medical source documentation and essentially consistent with all other relevant mental health source statements"; (7) his opinion was not substantially contradicted by other medical evidence except Dr. Bell's opinion; (8) his opinion was not challenged by counsel during the hearing; and (9) the fact that Dr. Kaiser and Dr. Bell are psychologists, in contrast to Dr. Cohen's status as a board certified psychiatrist. Consistent with Dr. Cohen's opinion, the ALJ concluded that Lyons-Timmons did not have a severe mental impairment and that her only physical impairment was the amputation of the fingertips on her dominant hand.

This physical impairment, the vocational expert testified, limited Lyons-Timmons' fine motor movement in fingering and handling. As a result, the vocational expert opined that Lyons-Timmons was unable to perform her past relevant work as a science teacher. Lyons-Timmons was not precluded, however, from performing other work in the national economy identified by the vocational expert. The ALJ credited the vocational expert's testimony and concluded that Lyons-Timmons was not disabled under the Social Security

3

Act.

Lyons-Timmons appealed to the District Court. After cross-motions for summary judgment were filed, the Magistrate Judge recommended granting the Commissioner's motion for summary judgment. The District Court adopted the Magistrate Judge's report and recommendation as the opinion of the Court. This timely appeal followed.

Here, Lyons-Timmons complains for the first time that the ALJ erred by failing to attach a psychiatric review technique form to her decision. We need not address this contention because it was not raised below. *See Bacon v. Sullivan,* 969 F.2d 1517, 1521 (3d Cir. 1992); *Newark Morning Ledger Co. v. United States*, 539 F.2d 929, 932 (3d Cir. 1976) ( "We generally refuse to consider issues that are raised for the first time on appeal."). Nonetheless, we agree with the Commissioner that changes in procedure eliminated the requirement that the form be attached; the regulations direct instead that the matter be discussed in the ALJ's decision. *See* 20 C.F.R. § 404.1520a (2000). The ALJ satisfied this directive, discussing at length Lyons-Timmons' ability to perform her activities of daily living, to function socially, to concentrate and to persist at a consistent pace, and the extent to which she experienced any episodes of decompensation. The conclusion that Lyons-Timmons did not have a severe mental impairment was consistent with the record and with Dr. Cohen's opinion that she was able to concentrate and to carry out simple instructions. As the Magistrate Judge observed, the regulations indicate that a severe impairment must interfere with the basic work activities of understanding,

4

carrying out and remembering simple instructions; using judgment; responding appropriately to the work environment; and dealing with changes in a work setting. *See* 20 C.F.R. § 404.1521. The opinions of Dr. Kaiser and Dr. Cohen support the conclusion that plaintiff did not have a limitation interfering with these basic activities.

Lyons-Timmons also contends that the ALJ erred in rejecting the opinion of Dr. Bell and by crediting Dr. Cohen's opinion. We find no error here, either.

A treating physician's opinion deserves great weight because that opinion "reflect[s] expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Plummer*, 186 F.3d at 429 (internal quotations marks and citation omitted). This does not mean, however, that a

> statement by a plaintiff's treating physician supportive of an assertion that he is disabled or unable to work is . . . dispositive of the issue. The ALJ must review all the medical findings and other evidence presented in support of the attending physician's opinion of total disability. In doing so, the ALJ must weigh the relative worth of a treating physician's report against the reports submitted by other physicians who have examined the [plaintiff].

*Adorno v. Shalala*, 40 F.3d 43, 47-48 (3d Cir. 1994) (internal quotation marks omitted). After reviewing all of the evidence, the ALJ may discount a physician's opinion of disability which is not supported by medical evidence, *Plummer*, 186 F.3d at 429 (citing *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir.1985)), or may reject a physician's opinion outright if it is contradicted by other medical evidence. *Plummer*, 186 F.3d at 429; *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir.1988).

5

Here, the ALJ did not err in discounting Dr. Bell's opinions. The ALJ explained that Dr. Bell's opinion that Lyons-Timmons could not sustain her attention or tolerate stress and concentrate was inconsistent with Dr. Cohen's observations about her ability to function mentally and the record evidence regarding Lyons-Timmons' activities. Moreover, as the ALJ pointed out, Dr. Bell's assessment that Lyons-Timmons was unable to tolerate day-to-day pressures was inconsistent with Dr. Bell's own assessment that Lyons-Timmons' GAF was 60.[2] Dr. Cohen explained that this score indicated only a "mild impairment" and "means it's really somebody that's functioning at a very good level."

Lyons-Timmons also asserts that the ALJ erred by discrediting her testimony that she was unable to tolerate stress. The ALJ did not err in this regard, as she credited Lyons-Timmons' testimony to the extent it was consonant with Dr. Cohen's opinion, which was based on not only his review of the entire medical record, but also Lyons-Timmons' testimony at the hearing.

In sum, we conclude that there is substantial evidence to support the ALJ's decision denying Lyons-Timmons' application for benefits. We will affirm the judgment of the District Court.

---

[2]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social and occupational limitations. *Id.*